The document below is hereby signed.

Signed: July 11, 2020



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
              UNITED STATES BANKRUPTCY COURT
               FOR THE DISTRICT OF COLUMBIA

In re                         )
                              )
MAX E. SALAS,                 )    Case No. 18-00260
                              )    (Chapter 11)
                Debtor.       )
```

MEMORANDUM DECISION AND ORDER
RE DEBTOR'S OBJECTION TO CLAIM OF RECORDER OF DEEDS

This memorandum decision and order addresses the debtor's *Objection to Claim Number 5 Filed by Recorder of Deeds of the District of Columbia* (Dkt. No. 287) ("*Objection to Claim*"), which Ida Williams, the Recorder of Deeds, has opposed (Dkt. No. 307). The Recorder of Deeds seeks $83,960.42 for real property recordation and transfer taxes, non-filing penalties, and interest.

The recordation and transfer taxes in question pertain to 1610 Riggs Place, Washington, D.C. 20009 (the "Property"), where the debtor, Max Salas, has resided since 1995. From 1995 to

2007, the Property was titled in the name of debtor's ex-wife. One of the debtor's three sons, Len Salas ("Len"), has been the record owner of the Property since the debtor's divorce in 2007. Len became the record owner as follows.  Pursuant the divorce settlement entered into between the debtor and his ex-wife, the debtor was to obtain full ownership of the Property through the purchase of his wife's half interest in the Property, but he was unable to secure a favorable loan to complete this purchase.  As a result, in order to secure financing, the debtor, his ex-wife, and Len entered into near-simultaneous transfers of the Property, first from the debtor's ex-wife to the debtor, then from debtor to Len.  Len executed a Note and Deed of Trust with SunTrust Bank to finance the required payment to the debtor's ex-wife.

On July 6, 2010, Len and the debtor executed both an Irrevocable Trust Agreement and a quitclaim deed transferring Len's interest in the Property to a trust, named 1610 Riggs Property Trust.  The Irrevocable Trust Agreement established the debtor as both sole-trustee and sole-beneficiary of the Trust. However, in its *Memorandum Decision and Order Re Objection to Homestead Exemption* (Dkt. No. 108) (the "*Homestead Opinion*"), the court found that, because a trust cannot be created if the same person is the sole-trustee and sole-beneficiary, the Irrevocable Trust Agreement did not create a valid trust.  Nevertheless, the court found that the circumstances concerning the debtor's

2

history with respect to the Property and the execution of the Irrevocable Trust Agreement and deed served as a valid conveyance of the Property to the debtor such that the debtor holds both the legal and beneficial interests in the Property. The creditors who objected to the homestead exemption have filed a motion to reconsider the *Homestead Opinion* asserting that new evidence demonstrates that the deed did not effect a transfer; that motion is awaiting further briefing.

The debtor has not recorded the July 6, 2010 deed or any other deed for the Property. However, on December 5, 2019, the debtor filed his Second Amended Disclosure Statement and Plan, and in his Disclosure Statement, the debtor detailed his intent to prospectively record a deed, or other document in lieu of a deed, through the Plan, thereby confirming in the land records the Debtor's ownership of the Property consistent with the *Homestead Opinion*.[1]

On January 29, 2019, after obtaining permission from the court to file a late proof of claim (Dkt. No. 165), the Recorder of Deeds filed her proof of claim (Claim No. 5 on the court's Claims Register) in the amount of $83,960.42. This amount represents the amount allegedly owed for real property recordation and transfer taxes, non-filing penalties, and

---

[1] On January 28, 2020, debtor's Chapter 11 plan was confirmed. Dkt. No. 303.

3

interest accruing from August 5, 2010, thirty days after the date the deed was executed on July 6, 2010.[2]

I

SUMMARY OF LEGAL ANALYSIS

The Recorder of Deeds' claim arises from the debtor's failure to pay recordation and transfers taxes as required by District of Columbia of law.  The debtor argues that he does not owe the recordation and transfer taxes for two reasons.  *First*, the debtor argues that the taxes are not yet owed according to the relevant provisions of the D.C. Code.  *Second*, the debtor argues that no recordation or transfer taxes will be owed when he records the deed pursuant to his Chapter 11 plan because 11 U.S.C. § 1146(a) prohibits the imposition of such taxes.

For the following reasons, I will sustain the debtor's argument that the transfer and recordation taxes are not yet due because the debtor has not recorded the deed.  However, I will reject the debtor's argument that § 1146(a) prohibits imposition

---

[2] Specifically, the amounts owed are characterized as follows:

(1) $34,832.19 - recordation and transfer taxes, each of which is a 1.45% tax on an assessed value of $1,201,110.00 ($17,416.09)

(2) $8,708.05 - nonfiling penalties (25% of the total taxes owed)

(3) $40,420.18 - interest accruals on taxes owed (10% compounded daily from August 5, 2010, to April 17, 2018)

4

of these taxes upon the future recordation of the deed to the Property.  I will then address the issue of nonfiling penalties.

II

WHETHER THE RECORDATION OR THE OBLIGATION TO RECORD THE DEED TRIGGERS THE OBLIGATION TO PAY THE RECORDATION AND TRANSFER TAXES

Whether the obligation to pay the taxes has been incurred hinges on the interpretation of the statutory provisions governing the recordation and transfer taxes. D.C. Code § 47-1431(a), which governs transfers of real property, states:

> Within 30 days after the execution of a deed or other document by which legal title to real property . . . is transferred . . ., all transferees of, and all holders of the security interest in, real property shall record a fully acknowledged copy of the deed or other document, including the lot and square number of the real property transferred or encumbered, with the Recorder of Deeds of the District of Columbia.

Accordingly, the debtor was obligated to record the deed within 30 days after the execution of the deed.  However, D.C. Code § 42-1103(a)(1), which governs the recordation tax, provides that "[a]t the time a deed . . . is submitted for recordation, it shall be taxed . . . ."  Similarly, with respect to the act of transferring title, D.C. Code § 47-903(a)(1) provides that "[t]here is imposed on the transferor for each transfer at the time the deed is submitted to the Mayor for recordation a tax . . . ."  Thus, the provisions governing both the recordation tax and the transfer tax tie the obligation to pay the taxes to the recordation of the deed.

5

Because §§ 42-1103(a)(1) and 47-903(a)(1) require payment of the recordation and transfer taxes when the deed is submitted for recordation, the debtor argues that the obligation to pay the taxes has not yet been triggered because recordation has not occurred.  The Recorder of Deeds disagrees, and argues that the taxes were triggered upon the completion of the 30-day period of D.C. Code § 47-1431(a).  Specifically, the Recorder of Deeds argues that the requirement to pay the recordation and transfer taxes notwithstanding the failure to record the deed is analogous to a taxpayer's obligation to pay an income tax notwithstanding the failure to file an income tax return.

With respect to the recordation tax, the Recorder of Deeds' argument fails because an income tax differs from the recordation tax in that it is triggered by a taxpayer's having earned income, not by a taxpayer's obligation to file a tax return.  In contrast, the recordation tax is a tax on the recordation of a deed, and therefore is not triggered until recordation has occurred. *See Hager v. Federal Nat. Mortg. Ass'n* (882 F. Supp. 2d 107, 108, D.D.C. 2012) (characterizing the recordation tax as an excise tax). *See also Dean v. Pinder*, 312 Md. 154, 165, 538 A.2d 1184, 1190 (Md. 1988) ("the state recordation and transfer taxes are in the nature of an excise tax imposed upon the privilege of recording certain instruments, including, among other things, the transfer of title to real property") (*citing*

6

*Central Credit v. Comptroller*, 243 Md. 175, 182, 220 A.2d 568, 572 (Md. 1965); *Pittman v. Housing Authority*, 180 Md. 457, 459, 25 A.2d 466, 469 (Md. 1942)). Likewise, the regulation governing the recordation of deeds states plainly: "*The basis for the tax is the recordation of a deed* and, except as otherwise provided in the Act or this chapter, the tax must be paid at the same time the deed is submitted for recordation." 9 DCMR § 502.1(a) (emphasis added). Accordingly, even though the debtor ought to have recorded the deed within 30 days after execution of the deed, the obligation to pay the recordation tax has not been incurred because the debtor has not exercised the privilege of recordation.

Absent the language of §§ 42-1103(a)(1) and 47-903(a)(1), both of which impose a tax at the time a deed is submitted for recordation, it might have made sense to treat the obligation to pay the transfer tax as having been triggered by the transfer itself. However, because §§ 42-1103(a)(1) and 47-903(a)(1) use nearly identical language in requiring payment of the taxes upon submission of the deed for recordation, it is appropriate to construe § 47-903(a)(1) as providing that the obligation to pay the transfer tax is triggered at the time of recordation, much like under § 42-1103(a)(1) the obligation to pay the recordation tax is triggered by recordation. Moreover, the regulation regarding the transfer tax provides: "The basis for the tax is

7

the transfer of real property and, *except as otherwise provided in the Act or this chapter,* the tax shall be paid within thirty (30) days of the transfer, and at the same time the deed evidencing the transfer is submitted for recordation."  9 DCMR § 602.1 (emphasis added).  The Act, D.C. Code § 47-903(a)(1), as previously noted, provides: "[t]here is imposed on the transferor for each transfer at the time the deed is submitted to the Mayor for recordation a tax . . . ."  The Act thus provides otherwise than the regulation's indication that the tax "shall be paid within thirty (30) days of the transfer."  The tax is thus first due when, as provided by § 47-903(a)(1), the deed is submitted for recordation.

To summarize: §§ 42-1103(a)(1) and 47-903(a)(1) provide that the taxes are owed only upon recordation of the deed. Accordingly, I conclude that the recordation and transfer taxes have not been triggered as to the transfer of the deed in 2010, and sustain the debtor's objection in that regard.  I sustain as well as the debtor's objection to interest on the taxes because those taxes have not yet come due and interest will start to accrue only once the taxes come due upon recordation of the deed.

III

WHETHER 11 U.S.C. § 1146(a) PROHIBITS FUTURE
TAXATION OF THE RECORDATION AND TRANSFER OF THE DEED

In addition to arguing that he did not incur the obligation to pay the recordation and transfer taxes in the past, the debtor

further contends that he is not be obligated to pay these taxes upon recording the deed in the future. The debtor's *Objection to Claim* notes that in his Disclosure Statement, the debtor expressed his intention to record the deed pursuant to his Chapter 11 Plan, and argues that 11 U.S.C. § 1146(a) exempts such a recordation from taxation. In relevant part, § 1146(a) provides: "[t]he issuance, transfer, . . . or the making or delivery of an instrument of transfer under a plan confirmed under Section 1129 of this title, may not be taxed under any law imposing a stamp tax or a similar tax." Thus, the debtor contends, the recordation of the deed, which will occur pursuant to a plan confirmed under 11 U.S.C. § 1129, will not be subject to taxation.

The debtor's reliance on § 1146(a) goes too far. In *Florida Dept. of Revenue v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33 (2008), the Supreme Court discussed the scope of § 1146(a). In so doing, the Court held that transfers that occurred postpetition but before the confirmation of the debtor's Chapter 11 plan were nevertheless subject to Florida's stamp tax, stating:

> The most natural reading of § 1146(a)'s text, the provision's placement within the Code, and applicable substantive canons all lead to the same conclusion: Section 1146(a) affords a stamp-tax exemption only to transfers made pursuant to a Chapter 11 plan that has been confirmed. Because Piccadilly transferred its assets before its Chapter 11 plan was confirmed by the Bankruptcy Court, it may not rely on § 1146(a) to avoid

9

Florida's stamp taxes. *Piccadilly*, 554 U.S. at 52-53. In so holding, the Court explicitly rejected Piccadilly's argument that § 1146(a) applied because the transfers were necessary to the confirmation of the plan:

> The asset transfer here can hardly be said to have been consummated "in accordance with" any confirmed plan because, as of the closing date, Piccadilly had not even submitted its plan to the Bankruptcy Court for confirmation. Piccadilly's asset sale was thus not conducted "in accordance with" any plan confirmed under Chapter 11.

*Id.* at 37. The Court's reasoning in *Piccadilly* is even more applicable here: if § 1146(a) did not apply to the post-petition, pre-confirmation transfers that were authorized by the bankruptcy court and undertaken after extensive settlement agreements with creditors during the pendency of the case in *Piccadilly*, it could hardly be said to apply to the transfer in this case, which occurred in 2010, several years before the debtor sought Chapter 11 relief. And because the transfer itself was not "in accordance with the plan," the transfer and the future recordation of the deed are not exempted from taxation by § 1146(a). The debtor's objection to the Recorder of Deeds' claim is therefore overruled as to the argument that § 1146(a) exempts the transfer and recordation of the deed from taxation.

IV

THE RECORDER OF DEEDS' CLAIM FOR NON-FILING PENALTIES

In addition to the recordation and transfer taxes, the debtor has objected to the non-filing penalties included in the Recorder of Deeds' proof of claim. The proof of claim fails to cite a statutory basis for the penalties. The debtor's *Objection to Claim* asserts that no penalty is owed because the obligation to pay the recordation and transfer taxes has not yet been incurred.

However, D.C. Code § 47-1433(c) provides for a penalty for the failure to record the deed as required by § 47-1431, although the penalty allowed is only $250. D.C. Code § 47-1433 provides in relevant part:

> (c) If a person fails to record the deed or other document, as required by § 47-1431, there shall be imposed on the person an additional penalty in the amount of $250. . . . The penalty provided herein shall not be imposed if the deed or other document is a security instrument. The Mayor may waive the penalty in accordance with § 47-4221.
> * * *
> (e) The penalty fees provided under this section shall be collected at the same time and in the same manner and as a part of the deed recordation tax.

The $250 penalty will be collected by the Recorder of Deeds when the debtor files the deed. The Recorder of Deeds is allowed a penalty claim of $250 to be paid upon the debtor's recording the deed.

However, the Recorder of Deeds' proof of claim lists an unsecured claim for $8,708.05 in non-filing penalties, which is 25% of the $34,832.19 in principal that the Recorder of Deeds included in her proof of claim.  The Recorder of Deeds does not cite the statutory or regulatory basis for that amount.  The Recorder of Deeds may have relied on D.C. Code § 47-4213 to assert this 25% in penalties, but until the debtor files the deed, I conclude below that it is premature to determine whether the penalties will apply.

One must take several steps through the D.C. Code to reach the conclusion that the Recorder of Deeds may rest her 25% penalty claim on D.C. Code § 47-4213.  Both D.C. Code § 42-1103(b)(1) (dealing with the recordation tax) and D.C. Code § 47-903(b)(1) (dealing with the transfer tax) provide that a deed transferring title to real property "shall be accompanied by a return" setting forth the consideration for the deed and other information required by the Mayor.  In turn, both D.C. Code § 42-1103(d) and § 47-903(d) provide in relevant part: "The deed and accompanying return shall be due as prescribed in § 47-1431(a) for the recordation of a deed."  As noted already, § 47-1431(a) requires that the deed be recorded within 30 days of execution of the deed.

D.C. Code § 47-4213 applies to a failure to file a return required by D.C. Code Title 47 on the date prescribed, and thus

applies to a return required by D.C. Code § 47-903(b)(1) (part of Title 47) with respect to the transfer tax. Similarly, for the § 42-1103(a)(1) recordation tax, D.C. Code § 42-1108.01 ("Enforcement") provides in relevant part:

> This chapter shall be enforced in accordance with the provisions of chapters 41, 42, 43 and 44 of Title 47 including criminal enforcement, imposition or abatement of penalties and interest, administration of this chapter, and collection of taxes imposed hereunder . . . .

D.C. Code § 47-4213 is part of chapter 42 of Title 47. Accordingly, both the § 42-1103(a)(1) recordation tax and the § 47-903(a)(1) transfer tax are subject to D.C. Code § 47-4213, which provides in relevant part:

> (a)(1) In case of failure to file a return required by this title on the date prescribed (determined with regard to any extension of time for filing), unless it is shown that the failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on the return 5% of the amount of the tax if the failure is for not more than one month, with an additional 5% for each additional month or fraction thereof during which the failure continues, not exceeding 25% in the aggregate. The amount of tax required to be shown on the return shall be reduced by the amount of the tax which is paid on or before the date prescribed for payment of the tax and by the amount of any credit against the tax which may be claimed on the return.

However, the penalty might never be owed.

To explain, yes, there was a "failure to file a return required by this title on the date prescribed." Moreover, the debtor has not claimed there was "reasonable cause" not to timely file the return. Finally, there was a failure to file the return

13

for more than five months after the date prescribed. Accordingly, a penalty of 25% "of the amount required to be shown as tax on the return" is owed. However, "the amount of tax required to be shown on the return" must "be reduced by the amount of the tax which is paid on or before the date prescribed for payment of the tax." Under respectively D.C. Code § 42-1103(a)(1) and D.C. Code § 47-903(a)(1), neither payment of the recordation tax nor payment of the transfer tax is due prior to the recording of the deed. If the debtor pays the two taxes "on or before" the date he records the deed (the date prescribed for paying the two taxes), then those payments will in each instance reduce "the amount of tax required to be shown on the return" to zero and it is that amount to which the 25% penalty is applied. The result is that the penalty in each instance will be reduced to zero as well: 25% of zero is zero.

D.C. Code § 47-4213, like 26 U.S.C. § 6651(a)(1), is likely geared to taxes for which the payment deadline matches the original filing deadline, an example being income taxes for which April 15 is generally both the payment deadline and the original filing deadline. If a taxpayer files her income tax return late (without an extension of time having been granted), did not pay the tax until she files the return, and has no credits against the tax on the return, the taxpayer is subject to a penalty of 5% per month (up to 25% in the aggregate) for each month she failed

timely to file the return.  In contrast to income taxes, the recordation and transfer taxes are not owed until the date the deed is presented for recording.

Attempting to hold the debtor liable for penalties under the penalty provisions of D.C. Code § 47-4213 with respect to the taxes at issue here (if the debtor pays them on or before the date of recording of the deed) will be akin to Cinderella's stepsisters attempting to fit into Cinderella's glass slipper. The statute will not fit.  No penalties will be due if the debtor pays the taxes on or before the date of recordation of the deed, "the date prescribed for payment of the tax[es]."

It is thus premature to determine whether any penalties will be owed: if the debtor pays the two taxes on or before the date he records the deed, the penalties will *not* be owed.  If he does not pay the taxes on or before the date of recordation of the deed, the 25% penalty *will* be owed.

However, the Recorder of Deeds has not had an opportunity to respond to the foregoing analysis (which was not articulated in the debtor's *Objection to Claim*), and has not had an opportunity to point to any other statute upon which she bases her penalty claim.  I will give the Recorder of Deeds an opportunity to

justify the full amount of penalties she claims.[3]

V

For the foregoing reasons, it is

ORDERED that the debtor's *Objection to Claim Number 5 Filed by Recorder of Deeds of the District of Columbia and Notice of Deadline to File and Serve Opposition to Objection* (Dkt. No. 287) is sustained in part and overruled in part as follows. It is further

ORDERED that debtor's objection is sustained as to the argument that the transfer and recordation taxes are incurred upon recordation of the Deed, and the District of Columbia's secured claim for transfer and recordation taxes and interest accruals thereon as of August 5, 2010, is disallowed. It is further

ORDERED that the debtor's objection is overruled as to the argument that 11 U.S.C. § 1146(a) prohibits the imposition of taxes on the transfer and recordation of the deed to the Property, and the transfer and recordation taxes will be owed upon recordation of the deed. It is further

ORDERED that the Recorder of Deeds' unsecured claim for non-filing penalties is allowed in the amount of $250.00 pursuant to

---

[3] If the *Homestead Opinion* is set aside on the basis that there was no effective transfer, that might moot the issues presented by the *Objection to Claim*. The parties are free to agree to defer further briefing on the *Objection to Claim* pending the outcome of the motion to reconsider the *Homestead Opinion.*

D.C. Code § 47-1433(c). It is further

ORDERED that (1) within 14 days of the entry of this order the Recorder of Deeds shall file with the court any further basis for the balance of the penalties sought in her proof of claim; (2) within 28 days after entry of this order, the debtor may file an opposition to any filing by the Recorder of Deeds in further support of her penalty claims; and (3) within 35 days after entry of this order the Recorder of Deeds may file a reply to the opposition.

[Signed and dated above.]

Copies to: All recipients of e-notification of orders.