The document below is hereby signed.

Signed: August 2, 2020



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MAX E. SALAS, | ) | Case No. 18-00260 |
| | ) | (Chapter 11) |
| Debtor. | ) | |
| | ) | |

FURTHER MEMORANDUM DECISION AND ORDER
RE DEBTOR'S OBJECTION TO CLAIM OF RECORDER OF DEEDS

The *Memorandum Decision and Order re Debtor's Objection to Claim of Recorder of Deeds* dated July 11, 2020, and entered July 13, 2020, upheld the Recorder of Deeds' claim for a $250.00 penalty owed under D.C. Code § 47-1433(c), which provides in relevant part:

> If a person fails to record the deed or other document, as required by § 47-1431, there shall be imposed on the person an additional penalty in the amount of $250.

The reference to the penalty being "an additional penalty" probably refers to it being a penalty in addition to any penalties incurred under D.C. Code § 47-4213, penalties that are

incurred (if at all) only upon the recording of a deed.

The *Memorandum Decision and Order* noted that the penalty would be owed upon the filing of the deed because D.C. Code § 47-1433(e) provides:

> The penalty fees provided under this section shall be collected at the same time and in the same manner and as a part of the deed recordation tax.  If the transaction is exempt from the deed recordation tax, then the Mayor shall collect the fees in a manner prescribed by the Mayor.

Nevertheless, the *Memorandum Decision and Order* treated the Recorder of Deeds as having an allowed claim for the $250 penalty even though the deed at issue had not yet been recorded.  That was error.  The $250 penalty is to be "collected at the same time and in the same manner and **as a part of the deed recordation tax**."  (Emphasis added.)  The deed recordation tax is only triggered upon recording the deed, and the $250 penalty, collected as part of the deed recordation tax, ought to be treated the same way, that is, as only arising upon recording the deed.

This conclusion is not altered by D.C. Code § 47-1433(g), which provides:

> (g) Nothing in this chapter shall authorize the imposition of a penalty for the failure to record a deed or any instrument that conveys legal title to real property, if failure to record is due solely to the refusal of the Recorder of Deeds to record the deed or other instrument based on the existence of a lien against the property for unpaid water, sanitary sewer, or meter service charges.

If a deed recipient attempts to record a deed and recordation is refused because of unpaid water, sanitary sewer, or meter service charges, then upon the recipient's paying those charges and then promptly recording the deed, § 47-1433(g) protects the recipient from imposition of the penalty. Section 47-1433(g) does not purport to alter the requirement of § 47-1433(e) that the penalty is only collected upon recordation of the deed and as part of the deed recordation tax.

Accordingly, the Recorder of Deeds is not currently owed the $250 penalty even though one will be owed if, at some point in the future, the debtor records the deed at issue, with the penalty becoming owed as part of the recordation tax liability that is incurred only upon recordation of the deed.

The *Memorandum Decision and Order* gave the Recorder of Deeds an opportunity by July 27, 2020, to file a memorandum attempting to provide further justification for its claim for late filing fees beyond the $250 penalty owed under D.C. Code § 47-1433(c). The Recorder of Deeds has failed to file such a memorandum. I will thus adhere to the views I previously expressed in the *Memorandum Decision and Order* regarding any such additional non-filing fees. The result is that the Recorder of Deeds has no allowed claim.

As a final disposition of the *Objection to Claim*, this order sets forth in a single document both the conclusions herein

regarding non-filing fees and the prior dispositions (set forth in the *Memorandum Decision and Order*) of other parts of the *Objection to Claim*.  It is

ORDERED that the debtor's *Objection to Claim Number 5 Filed by Recorder of Deeds of the District of Columbia* (Dkt. No. 287) is sustained in part and overruled in part as follows.  It is further

ORDERED that the court sustains the debtor's argument that the transfer and recordation taxes regarding the quitclaim deed (the "Deed") of July 6, 2010, transferring title to 1610 Riggs Place, Washington, D.C. 20009 (the "Property") to the debtor will be incurred only upon recordation of the Deed, and, accordingly, the Recorder of Deeds' secured claim for transfer and recordation taxes (and interest accruals thereon commencing as of August 5, 2010) is disallowed.  It is further

ORDERED that the debtor's objection is overruled as to the argument that 11 U.S.C. § 1146(a) prohibits the imposition of taxes on the transfer and recordation of the Deed to the Property, and the D.C. Code § 42-1103(a)(1) recordation tax and the D.C. Code § 47-903(a)(1) transfer tax will be owed upon recordation of the Deed.  It is further

ORDERED that the Recorder of Deeds' claim for non-filing penalties is disallowed:

(1) any penalty claim in the amount of $250 pursuant to

4

D.C. Code § 47-1433(c) will arise only upon recordation of the Deed;

(2) both the D.C. Code § 42-1103(a)(1) recordation tax return requirement and the D.C. Code § 47-903(a)(1) transfer tax return requirement are subject to the non-filing penalty provisions of D.C. Code § 47-4213, and under that statute no penalty will be incurred prior to the recordation of the Deed, such that at this juncture the Recorder of Deeds is not currently owed any non-filing penalties under D.C. Code § 47-4213 (and if the transfer tax and recordation tax are paid on or before the date of the filing of the returns upon recordation of the Deed, penalties may not be incurred even once the Deed is recorded).

[Signed and dated above.]

Copies to: All recipients of e-notification of orders.